FILED
United States Court of Appeals
Tenth Circuit

December 16, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MEGAN MCCULLY,

      Plaintiff-Appellant,

v.

AMERICAN AIRLINES, INC.,

      Defendant-Appellee.

No. 10-5041
(D.C. No. 4:09-CV-00310-CVE-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **PORFILIO** and **BRORBY**, Senior Circuit
Judges.

Megan McCully appeals the district court's grant of summary judgment in

favor of American Airlines, Inc. (AA) in her cause of action alleging violations of

the Americans with Disabilities Act of 1990 (ADA), the Oklahoma Anti-

Discrimination Act (OADA), and the Family and Medical Leave Act of 1993

(FMLA). The suit also alleged breach of contract and a violation of Oklahoma

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

public policy. The district court, in a thorough forty-two-page decision, granted summary judgment to AA on all counts. Ms. McCully now appeals, asserting the district court erred on all counts.

We need not set forth the facts of the case herein, as they were set forth in detail in the district court's summary judgment decision. "We review a grant of summary judgment *de novo*, applying the same standard as the district court." *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1246 (10th Cir. 2010) (quotation omitted). Under Fed. R. Civ. P. 56(c)(2), the district court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."[1] On appeal,

> [w]e examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion.

*McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (internal quotation marks omitted) (brackets omitted). "[A] 'genuine' issue is one for which 'the evidence is such that a reasonable jury could return a verdict for

---

[1] This court is aware that Rule 56 has recently been amended, effective December 1, 2010. We have applied, and refer to herein, the version of the rule that was in effect at the time summary judgment was granted.

the nonmoving party.'" *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

After careful review of the district court's decision, the appellate record, and the arguments presented in the parties' briefs, we conclude that the district court correctly granted summary judgment to AA for the reasons set forth the court's through and well-reasoned opinion and order of March 3, 2010.

We therefore AFFIRM that order and the accompanying judgment.

Entered for the Court


John C. Porfilio
Senior Circuit Judge